**Elie HALPERN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 04–7010.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 27, 2004.

Rehearing Denied Nov. 1, 2004.

---

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Kyle E. Chadwick, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before LOURIE, LINN, and PROST Circuit Judges.

LINN, Circuit Judge.

Elie Halpern ("Halpern") appeals from the judgment of the United States Court of Appeals for Veterans Claims ("Veterans' Court") dismissing his application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (2000). *Halpern v. Principi*, 17 Vet.App. 225 (2003) ("*Halpern V*"). Although the Veterans' Court applied the wrong legal standard, as a matter of law we conclude that Halpern is not a prevailing party under the appropriate legal standard. Thus, we affirm the decision of the Veterans' Court denying Halpern's EAJA application.

## I. BACKGROUND

Halpern, an attorney, represented Dennis Gibson ("Gibson"), a veteran, who sought a decision on service connection for a recurrent ankle injury. Halpern signed a contingency fee representation agreement with Gibson in March 1998. Pursuant to the agreement, Halpern sought past-due compensation from the Department of Veterans Affairs ("DVA") on Gibson's behalf in exchange for, *inter alia*, twenty percent of any recovery. In April 1999, Gibson was awarded past-due compensation, and the DVA withheld twenty percent of the award for payment to Halpern pursuant to the agreement and pursuant to 38 U.S.C. § 5904(d). The DVA then transferred Gibson's file to the Board of Veterans' Appeals ("Board") for a determination as to Halpern's eligibility to receive the withheld portion of the award under 38 U.S.C. § 5904.

On June 30, 1999, the Board decided that Halpern was not entitled to the withheld portion of the award because the fee agreement did not meet the requirements

of 38 U.S.C. § 5904(d)(1) and 38 C.F.R. § 20.609(h). *In re Fee Agreement of Eli Halpern,* No. 99–09 480 (Bd.Vet.App. June 30, 1999) ("*Halpern I*"). Halpern appealed to the Veterans' Court. While the appeal was pending, the Veterans' Court decided *Scates v. Gober,* 14 Vet.App. 62 (2000) (en banc), *aff'd as modified sub nom. Scates v. Principi,* 282 F.3d 1362 (Fed.Cir.2002). In *Scates,* the Veterans' Court held that the Board lacked original jurisdiction to evaluate an attorney's eligibility for payment of a withheld portion of past-due compensation. Based on *Scates,* Halpern moved that the Veterans' Court vacate the Board's decision. The Secretary of Veterans Affairs ("Government") did not oppose Halpern's motion, and in September 2000, the Veterans' Court granted the motion to vacate the Board's decision for want of original jurisdiction and remanded the case to the Board with directions to dismiss. *Halpern v. Gober,* 17 Vet.App. 403 (2000) (unpublished decision) ("*Halpern II*").

In October 2000, Halpern filed an EAJA application for an award of attorney's fees and expenses in connection with his appeal to the Veterans' Court. In February 2001, the Veterans' Court requested additional briefing addressing, *inter alia,* whether a party that receives a remand is a prevailing party for EAJA purposes. On February 8, 2002, the Veterans' Court dismissed Halpern's appeal, holding that because it did not have original jurisdiction over Halpern's claim for attorney's fees under the direct-payment contingency fee agreement, it lacked jurisdiction over Halpern's EAJA claim as well. *Halpern v. Principi,* 15 Vet.App. 416, 418–19 (2002) ("*Halpern III*"). Halpern appealed to this court. We reversed the decision of the Veterans' Court that it did not have jurisdiction and remanded for consideration of Halpern's EAJA application. *Halpern v. Principi,* 313 F.3d 1364 (Fed.Cir.2002) ("*Halpern IV*").

On remand, the Veterans' Court denied Halpern's EAJA application. *Halpern V,* 17 Vet.App. at 228. The Veterans' Court concluded that Halpern received a remand solely because of a change in the law while the appeal was pending. *Id.* Based on that conclusion and the Veterans' Court's prior decisions in *Flemming v. Principi,* 16 Vet. App. 52 (2002), and *Sachs v. Principi,* 15 Vet.App. 414 (2002), the Veterans' Court held that Halpern was not a prevailing party under EAJA and that Halpern's application must be denied. *Id.*

Halpern appeals from the decision of the Veterans' Court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II.  DISCUSSION

### A.  Standard of Review

■ The scope of this court's review of a decision of the Veterans' Court is governed by 38 U.S.C. § 7292(d). In accordance with the statute, this court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1) (2000). This court reviews an interpretation of EAJA by the Veterans' Court *de novo. Jones v. Brown,* 41 F.3d 634, 637 (Fed.Cir.1994). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

### B.  Analysis

#### 1.  Law of the Case

■ The Government argues that we are barred by law of the case from consid-

ering whether Halpern is a prevailing party within the meaning of EAJA. Before we can consider the merits of Halpern's argument with respect to whether he is a prevailing party under EAJA, we must first consider whether the Government is correct that we are barred by law of the case from considering this issue. The Government quotes from *Halpern IV*, where we stated:

> Although our review of [the prevailing party] issue is de novo, the ultimate conclusion of whether a party prevailed in an action is one of law based on findings of fact, notably whether the party has "receive[d] at least some relief on the merits of his claim." Our jurisdiction over appeals from the Veterans' Court is narrowly defined, and we are precluded from reviewing the application of law to fact. Under these circumstances, it is beyond the scope of our jurisdiction to address the question of whether Halpern is a "prevailing party" within the meaning of EAJA.

313 F.3d at 1369 (citations omitted). The Government argues that in declining to decide the prevailing party issue, we adopted Halpern's argument that we did not have jurisdiction to review prevailing party determinations of the Veterans' Court. Thus, according to the Government, we are bound to abide by this rule under the law of the case doctrine.

■■■ Under the law of the case doctrine, "a court will generally refuse to re-open or reconsider what has already been decided at an earlier stage of the litigation." *Suel v. Sec'y of Health & Human Servs.*, 192 F.3d 981, 985 (Fed.Cir.1999). However, "[t]he law of the case doctrine is not applicable to issues neither presented nor decided in a former proceeding in the case." *Stearns v. Beckman Instruments,*

*Inc.*, 737 F.2d 1565, 1568 (Fed.Cir.1984). The law of the case doctrine, then, does not apply in this case because the issue presented in the present appeal is not the same as that presented in the previous appeal. In the previous appeal, the Government requested that we hold in the first instance that Halpern was not a prevailing party. We refused the Government's invitation and instead, remanded the case for the Veterans' Court to decide that issue. *Halpern IV*, 313 F.3d at 1369. The Veterans' Court has now made that determination, and the case returns to us in a different posture. In our previous decision, we did not hold that we are powerless to review decisions of the Veterans' Court on prevailing party issues. Rather, we simply said, "Under these circumstances, it is beyond the scope of our jurisdiction to address the question of whether Halpern is a 'prevailing party' within the meaning of EAJA." *Id.* Now that the question has been decided in the first instance by the Veterans' Court, we have jurisdiction over and are required by statute to review all relevant questions of law. *See Vaughn v. Principi*, 336 F.3d 1351, 1356–57 (Fed.Cir.2003) (affirming judgments denying prevailing party status because the Veterans' Court "applied the correct legal standard").

The Government also argues that Halpern should be precluded from relying on an argument in the present appeal that is contrary to his position in the previous appeal under the doctrine of judicial estoppel. The Government's argument is misplaced because Halpern is not relying upon a contradictory argument. The argument that a determination in the first instance of prevailing party status in a particular case may require application of law to fact is different from an argument as to the correct legal standard applicable in such cases.

## 2. Prevailing Party

The Veterans' Court concluded that Halpern was not a prevailing party under its "rule of retroactive application" as applied in both *Flemming v. Principi*, 16 Vet.App. 52 (2002), and *Sachs v. Principi*, 15 Vet. App. 414 (2002). *Halpern V*, 17 Vet.App. at 228. Specifically, the Veterans' Court held that the "sole basis for the remand was due to the change in case law in *Scates*, which was issued during the pendency of the appeal." *Id.* Halpern disputes the Veterans' Court's application of its rule of retroactive application in this case. He argues that the Veterans' Court's interpretation of the statute in *Scates* simply proclaimed what the statute had always meant and did not effect a change in law warranting application of the rule of retroactive application. Halpern further argues that the remand by the Veterans' Court was based on the Board's lack of jurisdiction to address his eligibility for withheld fees. Halpern asserts that dismissal by the Board constitutes relief on the merits, and the instruction by the Veterans' Court to the Board to dismiss the case materially altered the parties' relationship. Halpern argues that the remand with instructions to dismiss was sufficient to meet the requirements of both *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360, 1363 (Fed.Cir.2003).

In response, the Government contends that the Veterans' Court was correct in holding that Halpern was not a prevailing party. In the Government's view, Halpern was no closer to receiving his withheld legal fees after the remand than he was before. Rather, he simply had to file a new claim in another office. The Government argues that Halpern is no more a prevailing party than the party seeking fees in *Vaughn v. Principi*, 336 F.3d 1351 (Fed.Cir.2003). Moreover, the Government disputes the applicability of *Former Employees of Motorola*, arguing that the portion of that opinion relied upon by Halpern is dictum and that in any event Halpern fails the test because the Veterans' Court did not require any further proceedings.

### a. The Rule of Retroactive Application

■ In *Sachs*, 15 Vet.App. at 415, the Veterans' Court held that the appellant was not a prevailing party because her remand was obtained "as a result of a change in case law that occurred during the pendency of the appeal." Similarly, in *Flemming*, 16 Vet.App. at 53, the Veterans' Court denied prevailing party status to the appellant because he received a remand solely because of a change in case law during the pendency of his appeal. Halpern argues that *Scates*, which was decided during the pendency of his appeal, was not a change in case law. Rather, Halpern contends that where a court announces the meaning of a statute, the court proclaims what the statute has meant since enactment. Under Halpern's analysis, the announced interpretation cannot be "retroactively" applied because the statute, correctly interpreted, had the announced meaning from its enactment.

In the context of this case, Halpern is correct. In *Scates*, the Veterans' Court held that "the Board does not have original jurisdiction to consider under section 5904(c)(2) any issues regarding entitlement to attorney fees in direct-payment cases." 14 Vet.App. at 64. The Veterans' Court

held that our decision in *Cox v. West*, 149 F.3d 1360 (Fed.Cir.1998), compelled this result. The Veterans' Court did not overturn any existing case law to reach its result. Rather, it simply addressed the argument that the Board lacked original jurisdiction based on pre-existing precedent. We hold that whatever the merits of the rule of retroactive application, *Scates* simply was not a change in case law. Thus, there was *no basis for applying the* rule of retroactive application in this case, and the Veterans' Court erred in determining that Halpern was not a prevailing party on that basis.

### b. The Proper Legal Standard

■ The portion of EAJA relevant to Halpern's attorney fee application is reproduced below:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2000). For a party to receive an award under EAJA, the party must be a "prevailing party" in a civil action. *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

In *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the Supreme Court held that an appellant who had secured reversal of a directed verdict was *not a prevailing party* under the Civil Rights Attorney's Fees Awards Act of 1976. In rejecting the appellant's claim, the Court said:

> The respondents have of course not prevailed on the merits of any of their claims. The Court of Appeals held only that the respondents were entitled to a trial of their cause. As a practical matter they are in a position no different from that they would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court.

*Id.* at 758–59, 100 S.Ct. 1987 (footnote omitted). Similarly, in *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), the Supreme Court held that a prisoner who had succeeded in obtaining a remand to the district court based upon the appellate court's holding that the prisoner's constitutional rights had been violated was not a prevailing party under the same statute considered in *Hanrahan*. In reaching this result, the Court said:

> Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. Helms obtained no relief. Because of the defendants' official immunity he received no damages award. No injunction or declaratory judgment was entered in his favor. Nor did Helms obtain relief without benefit of a formal judgment—for example, through a consent decree or settlement. The most that he obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim. That is not the stuff of which legal victories are made.

482 U.S. at 760, 107 S.Ct. 2672 (citations omitted). Finally, in *Buckhannon*, the Supreme Court said:

> We have only awarded attorney's fees where the plaintiff has received a judg-

ment on the merits or obtained a court-ordered consent decree—we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by *"judicial* relief."

532 U.S. at 605–06, 121 S.Ct. 1835 (citations omitted). Thus, the Supreme Court has set a high threshold for a party attempting to achieve prevailing party status.

The Supreme Court, however, has distinguished proceedings before administrative agencies, such as the present appeal from the DVA, from those before a district court for purposes of EAJA. In *Melkonyan,* the Supreme Court held that the thirty-day statute of limitations for filing an EAJA claim begins to run on entry of final judgment in the civil action, and proceedings before an administrative agency cannot be the predicate civil action for an EAJA claim. 501 U.S. at 94–96, 111 S.Ct. 2157. "The plain language makes clear that a 'final judgment' under § 2412 can only be the judgment of a court of law." *Id.* at 94, 111 S.Ct. 2157. The relevant court of law in this case is the Veterans' Court.

The Supreme Court has articulated a similar distinction in the context of reviewing Social Security Administration proceedings under 42 U.S.C. § 405. A district court reviewing a Social Security Administration adjudication is only permitted to remand the case under either sentence four or sentence six of § 405(g). *Id.* at 99, 111 S.Ct. 2157. Under sentence four, the district court must enter a final judgment on the merits. Under sentence six, the district court may remand without ruling on the merits of the case. *Id.* at 99–100, 111 S.Ct. 2157. While review of decisions from the DVA is not similarly restricted, the rules set forth in these decisions are instructive. In *Sullivan v. Hudson,* 490 U.S. 877, 887, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court held that where a district court reviewing a Social Security Administration adjudication remands and retains jurisdiction, the outcome of the remand proceedings before the agency will determine whether the party seeking EAJA benefits is in fact a prevailing party for purposes of EAJA. In the subsequent Social Security benefits case of *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the Supreme Court considered when the statute of limitations for an EAJA claim began to run. This case, however, involved a remand under sentence four of § 405(g). The applicant for EAJA benefits claimed that a sentence four remand could not be considered a final judgment for starting the statute of limitations under EAJA because the party would not be able to claim that it had prevailed until the outcome of the remand proceedings was determined. The Court rejected that argument, noting that a sentence four remand "terminates the litigation with victory for the plaintiff." *Id.* at 301, 113 S.Ct. 2625. In distinguishing *Hudson,* the Court said, "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,' and a sentence-four remand order *'terminate[s]* the civil action' seeking judicial review of the Secretary's final decision." *Id.* at 299, 113 S.Ct. 2625 (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 624–25, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)) (alterations in original). Thus, in the context of Social Security cases, a remand without retention of jurisdiction terminates the civil action for purposes of

EAJA, and prevailing party status must be determined based upon the final judgment entered in the civil action.

There is no reason to distinguish remands from the Veterans' Court from remands in Social Security cases. Thus, we must first consider whether the Veterans' Court in this case retained jurisdiction. Here, the Veterans' Court remanded the case to the Board with directions to dismiss. The Court order includes the statement, "Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court." *Halpern II*, 17 Vet.App. at 403. The order makes clear that, following remand, the Veterans' Court did not retain jurisdiction. Because the Veterans' Court did not retain jurisdiction, the question then becomes whether the Veterans' Court's remand to the Board with directions to dismiss makes Halpern a prevailing party under EAJA.

In *Former Employees of Motorola*, we applied the Supreme Court's Social Security cases in the context of an EAJA claim based on a consent remand from the Court of International Trade to the Department of Labor. After examining these cases, we concluded, "When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits." *Former Employees of Motorola*, 336 F.3d at 1366. Later, we restated the rule:

> But where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when

successful in the remand proceedings where there has been a retention of jurisdiction.

*Id.* Halpern relies on rule (1) of this latter formulation and contends that it governs this case.

The Government, on the other hand, relies on *Vaughn*, 336 F.3d 1351, decided the same day as *Former Employees of Motorola*. In *Vaughn*, we rejected EAJA claims filed by two parties following voluntary remands from the Veterans' Court. Both parties based their claims expressly on the catalyst theory. *Id.* at 1356. In *Buckhannon*, the catalyst theory was rejected as a basis for holding that a party prevailed. *Buckhannon* was applied to EAJA claims by this court in *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed.Cir.2002). We went further in *Vaughn*, however, and concluded that the parties' remands merely provided the opportunity for further adjudication and did not constitute relief on the merits as required by Supreme Court cases outside the administrative agency context. We held that the Veterans' Court applied the correct legal standard, "a party must receive 'at least some relief on the merits of his claim.' That relief must rise to the level of 'enforceable judgments on the merits and court ordered consent decrees [creating a] material alteration of the legal relationship of the parties.'" 336 F.3d at 1356–57 (quoting *Buckhannon*, 532 U.S. at 603–04, 121 S.Ct. 1835) (alteration in original). We distinguished *Shalala v. Schaefer* based on the fact that the sentence four remand in that case included a judgment on the merits, whereas the parties in *Vaughn* did not obtain enforceable judgments on the merits or court ordered consent decrees that created a material alteration of the legal relationship of the parties.

### c. Application of the Proper Legal Standard

Our jurisdiction in veterans cases is limited by statute. *See* 38 U.S.C. § 7292(d)(2) (2000). We have recognized, however, that where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law. *Brandenburg v. Principi,* 371 F.3d 1362, 1363 (Fed.Cir. 2004); *Bailey v. Principi,* 351 F.3d 1381, 1384 (Fed.Cir.2003) ("[W]hen the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim, this court has treated the question of the availability of equitable tolling as a matter of law that we are authorized by statute to address."). Given the standards for prevailing party status articulated above, the undisputed facts in this case dictate the outcome.

■ The parties would have us choose between *Former Employees of Motorola* and *Vaughn* and decide which case lays down the proper rule. Implicit in that proposition is the notion that the rules propounded in *Motorola* and *Vaughn* are somehow in conflict. We need not and do not address that notion, because we conclude that under the rules of either case, Halpern was not a prevailing party within the meaning of EAJA. First, in *Former Employees of Motorola,* we said that "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court." 336 F.3d at 1366. Here, the order simply stated,

> The Board's decision is VACATED for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under § 5904(d), and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the Board by the Regional Office. Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court.

*Halpern II,* 17 Vet.App. 403. The standard set forth in *Former Employees of Motorola* requires, among other things, "a remand requiring further agency proceedings," but there is nothing in the Veterans' Court's disposition of this case that requires further agency proceedings. Rather, the order simply directs the Board to dismiss the action for lack of original jurisdiction.

Similarly, under the standard articulated in *Vaughn,* Halpern is not a prevailing party. To be a prevailing party under *Vaughn,* Halpern must have received at least some relief on the merits of his claim rising to the level of an enforceable judgment on the merits or court-ordered consent decree creating a material alteration of the legal relationship of the parties. Here, however, the Veterans' Court issued no such judgment on the merits. The Veterans' Court merely remanded this case for the Board to dismiss this action for lack of jurisdiction. It did not address the merits of Halpern's entitlement to the withheld fees.

Halpern does not satisfy the test set forth in either *Former Employees of Motorola* or *Vaughn* and thus does not qualify as a prevailing party for EAJA purposes. Therefore, we affirm the Veterans' Court's judgment that Halpern is not entitled to EAJA fees.

### CONCLUSION

Although the Veterans' Court erred by applying the wrong legal standard to Hal-

pern's EAJA application, we nevertheless affirm the denial of that application because even under the appropriate standard Halpern was not a prevailing party.

*AFFIRMED.*