NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**MARY REEVES,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2014-7032

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-1951, Judge Alan G. Lance Sr.

———————————

Decided: February 25, 2015

———————————

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, Kansas, for claimant-appellant.

ELIZABETH MARIE HOSFORD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, RACHAEL BRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

This is an appeal from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), denying the claimant-appellant's application for legal fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). We reject the appellant's only claim over which we have jurisdiction, and we therefore affirm the decision of the Veterans Court.

## I

In 1981, Corby Reeves filed a claim for service-connected disability benefits for bilateral sensorineural hearing loss. In 1983, the Board of Veterans' Appeals denied his claim. Mr. Reeves filed an application to reopen his claim in 2002 based on new and material evidence. The Board subsequently granted his application and awarded him service-connected disability benefits, with an effective date of June 13, 2002.

In December 2006, Mr. Reeves filed a motion for revision of the 1983 Board decision, claiming that he was entitled to an earlier effective date for his award of benefits. He argued that the 1983 decision contained clear and unmistakable error ("CUE") because the Board had failed to apply the combat presumption contained in 38 U.S.C. § 1154(b).[1] The Board rejected that argument,

---

[1] Section 1154(b) provides, in pertinent part, that for a combat veteran "the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incur-

relying in part on its interpretation of the scope of section 1154(b). The Veterans Court affirmed the Board's decision. On appeal, we reversed the Veterans Court and remanded for further proceedings. *Reeves v. Shinseki*, 682 F.3d 988 (Fed. Cir. 2012).

Following that appeal, Mary Reeves (Mr. Reeves' widow, who was substituted as the claimant after Mr. Reeves' death in February 2011) filed an application for legal fees and expenses under EAJA. She argued that she was entitled to an award of fees and expenses because she prevailed on the merits of her claim, and the government's position in the litigation was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The Veterans Court held that the government's position in the case was substantially justified and therefore denied Mrs. Reeves' application.

Mrs. Reeves appeals to this court.

## II

This court has only limited jurisdiction to review decisions of the Veterans Court. The applicable jurisdictional statute, 38 U.S.C. § 7292, authorizes us to decide "all relevant questions of law, including interpreting constitutional and statutory provisions," but provides that, except to the extent that an appeal presents a constitutional issue, we may not review "(A) a challenge to a factual

rence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary."

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In light of the limits on our reviewing authority, we generally do not have jurisdiction to review the Veterans Court's determination in an EAJA case that the government's litigation position was substantially justified. *See Stillwell v. Brown*, 46 F.3d 1111, 1113 (Fed. Cir. 1995) ("'[T]o determine whether the overall position of the United States is substantially justified, trial courts are instructed to look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact.' This 'quintessentially discretionary' inquiry necessarily involves the determination of facts and the application of the substantially justified standard of the EAJA to those facts. . . . [S]uch a challenge is specifically excluded from our jurisdictional grant."), quoting *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991).

In light of the factual nature of the "substantially justified" finding, the government has sought dismissal of Mrs. Reeves' appeal for lack of jurisdiction. She counters by pointing to this court's opinion in *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004). In that case, we held that "where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law." *Id.* at 1306, citing *Brandenburg v. Principi*, 371 F.3d 1362, 1363 (Fed. Cir. 2004); *Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003).

There is some ambiguity in Mrs. Reeves' briefing about what she considers to be the Veterans Court's legal error that gives this court jurisdiction. Her principal contention is that this court has jurisdiction over her present appeal because the Board and the Veterans Court in the earlier stage of this case erred in concluding that section 1154(b) was not relevant to the issue of nexus

between Mr. Reeves' service and his disability. That
conclusion constituted legal error, Mrs. Reeves argues,
since we held in our previous decision that the section
1154(b) presumption was relevant to the issue of nexus.[2]
That legal error, she argues, gives this court jurisdiction
in this case.

That argument is incorrect. In order for this court to
have jurisdiction to review the Veterans Court's decision
denying her EAJA application, that decision itself must
be based on an assertedly erroneous legal ruling. It is not
enough that the previous decision of the Veterans Court
on the merits of Mr. Reeves' CUE claim was based on a
legal error. That legal issue was resolved in the prior
appeal. The question before us now is whether the gov-
ernment's position in that case was substantially justi-
fied. A claim that there was legal error in the prior
proceeding does not by itself establish that there was
legal error in the Veterans Court's finding that the gov-
ernment's position in that case was substantially justi-
fied.

Nonetheless, Mrs. Reeves appears also to be making a
second, and related jurisdictional argument. She con-
tends that "the lower court relied on the wrong legal
standard when it evaluated whether the government's
position was substantially justified." That is, she appears
to be alleging that when the Board made a legal error by
misinterpreting the applicability of section 1154(b), it

---

[2] In order to establish eligibility for service-
connected disability benefits, a veteran must show "(1) the
existence of a present disability; (2) in-service incurrence
or aggravation of a disease or injury; and (3) a causal
relationship [or nexus] between the present disability and
the disease or injury incurred or aggravated during
service." *Shedden v. Principi*, 381 F.3d 1163, 1167 (Fed.
Cir. 2004).

made a per se unreasonable determination, which as a matter of law could not be "substantially justified." That argument presents a legal question over which we have jurisdiction.

On the merits, however, that issue is one on which Mrs. Reeves cannot prevail. There is no support in the law for her suggestion that if the government's position is based on a legal error, its position is per se unreasonable and cannot be "substantially justified." In fact, the law is squarely to the contrary. "The term 'substantially justified' means that the government's position was 'justified in substance or in the main,' and had a 'reasonable basis *both in law and fact*.'" *Patrick v. Shinseki*, 668 F.3d 1325, 1330 (Fed. Cir. 2011) (emphasis added), quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The mere fact that the government's position was found to be incorrect as a matter of law is insufficient by itself to support a finding of insubstantial justification. *Id.* at 1330 ("The government can establish that its position was substantially justified if it demonstrates that it adopted a reasonable, *albeit incorrect*, interpretation of a particular statute or regulation.") (emphasis added). Mrs. Reeves has presented no argument suggesting a reason to overturn this well-settled proposition.

To the extent that Mrs. Reeves seeks to characterize the Veterans Court's decision as having focused on the wrong evidence in determining that the government's position was substantially justified, we do not have jurisdiction to review that decision. *See Smith v. Principi*, 343 F.3d 1358, 1361 (Fed. Cir. 2003) ("[O]ne of Mr. Smith's primary contentions is that the Veterans Court improperly relitigated the merits of his case to conclude that the Secretary's position was substantially justified. That argument appears to dispute either the Veterans Court's fact findings or its application of law to fact, and therefore cannot be considered in this appeal.").

Accordingly, on the single legal issue presented as to which we have jurisdiction, we uphold the legal standard applied by the Veterans Court in determining whether the government's position was substantially justified. Because our jurisdiction is limited to questions of law, we do not address Mrs. Reeves' other challenges to the Veterans Court's decision, which fall outside our jurisdiction.

**AFFIRMED**