NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCES W. LAKE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2421

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2625, Judge Joseph L. Toth.

---

Decided: February 13, 2019

---

FRANCES W. LAKE, Vestavia, AL, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

Frances W. Lake appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying her claim for survivor pension benefits. *See Lake v. O'Rourke*, No. 17-2625, 2018 U.S. App. Vet. Claims LEXIS 861 (June 29, 2018) ("*Veterans Court Decision*"). We dismiss for lack of jurisdiction.

## BACKGROUND

Mrs. Lake is the surviving spouse of Melvin E. Lake, a veteran who had active duty service from June 1948 to July 1953. The Department of Veterans Affairs ("VA") determined that Mrs. Lake met preliminary eligibility requirements for survivor pension benefits. *See* Supplemental Appendix ("S.A.") 9–10. It further concluded that she was in need of regular "aid and attendance," *see* 38 C.F.R. § 3.352, because the "[m]edical evidence show[ed]" that she was "unable to bathe, eat, [or] walk in and out of [her] home without assistance." S.A. 10.

On November 12, 2010, however, the Montgomery, Alabama VA Regional Office ("Regional Office") denied Mrs. Lake's claim for survivor pension benefits, including aid and attendance. S.A. 11–14. It determined that Mrs. Lake was not entitled to receive these benefits because her income exceeded the Maximum Annual Pension Rate ("MAPR"), *see* 38 U.S.C. § 1541(d), for surviving spouses in need of regular aid and attendance. Mrs. Lake then appealed to the Board of Veterans' Appeals ("board"), which remanded her case to the Regional Office for further development. S.A. 15–20. According to the board, "additional development [was] necessary to provide notice to [Mrs. Lake] of the evidence necessary to substantiate her assertions as to the incurrence of unreimbursed medical expenses, and to assist her in obtaining such evidence." S.A. 16.

On remand, the Regional Office sent Mrs. Lake an expense form, explaining that she needed to provide additional information regarding her claimed unreimbursed medical expenses. S.A. 26. After receiving some additional documentation from Mrs. Lake regarding her expenses, however, the Regional Office again denied her claim for survivor pension benefit payments. S.A. 26–27. On appeal, the board affirmed, stating that Mrs. Lake had failed to provide sufficient documentation of her claimed unreimbursed medical expenses. S.A. 26. It further stated that even if Mrs. Lake's claimed medical expenses had been properly documented, her "countable" income would still be in excess of the MAPR threshold "by substantial amounts." S.A. 28. The board noted that the Regional Office had determined that even if Mrs. Lake's claimed payments to an in-home assistant were deducted from her annual income, her income would still exceed the MAPR limit by a significant margin. S.A. 27.

Mrs. Lake then appealed to the Veterans Court, arguing that the board "did not have a complete picture of her expenses." *Veterans Court Decision*, 2018 U.S. App. Vet. Claims LEXIS 861, at *5. In support, she attached documentation related to the expenses she had incurred at Town Village, an assisted living facility, where she has resided since September 2017. *Id.*

In June 2018, the Veterans Court affirmed the board's determination that Mrs. Lake's income level barred the payment of survivor pension benefits. Although the court acknowledged that Mrs. Lake had submitted documentation with her appeal related to her expenses at Town Village, it stated that it could not review evidence that had not been presented to the board. *Id.* at *17–18. After Mrs. Lake's motion for reconsideration was denied, she filed a timely appeal with this court.

DISCUSSION

This court's authority to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292; *Burris v. Wilkie*, 888 F.3d 1352, 1356 (Fed. Cir. 2018). We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1); *see also Halpern v. Principi*, 384 F.3d 1297, 1300 (Fed. Cir. 2004). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2).

The surviving spouse of a veteran who had at least ninety days of service during a period of war is, under certain circumstances, entitled to survivor pension benefits. *See id*. §§ 1521(j), 1541. To receive such benefits, however, the surviving spouse cannot have an annual income in excess of the MAPR specified in 38 U.S.C. § 1541(d). *See* 38 C.F.R. § 3.23. A higher MAPR applies when, like Mrs. Lake, a surviving spouse is in need of regular "aid and attendance." 38 U.S.C. § 1541(d). Unreimbursed medical expenses, including, in some situations, amounts paid to a nursing home or extended care facility, may be deducted from countable annual income when determining eligibility for survivor pension benefits. *See* 38 C.F.R. §§ 3.272, 3.278.

On appeal, Mrs. Lake argues that her annual income, after deducting eligible expenses, is below the applicable MAPR threshold and that she is therefore entitled to survivor pension benefit payments. Specifically, she asserts that if the $28,740 in payments she makes each year to Town Village are deducted from her annual gross income of approximately $43,000, her countable annual income will be below the applicable MAPR limit. In support, Mrs. Lake has submitted documentation indicating that her monthly rent at Town Village is $2395.

We are not unsympathetic to Mrs. Lake's claim that she has incurred deductible expenses that are sufficient to bring her annual income below the applicable MAPR limit. This court, however, has no jurisdiction to make factual determinations regarding eligibility for veterans' benefits. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence [related to entitlement to veterans' benefits] and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations."). We therefore cannot conduct the initial evaluation of the documentation submitted by Mrs. Lake to determine whether her expenses at Town Village can be deducted from her annual income for purposes of determining her eligibility for survivor pension benefits.

Instead, Mrs. Lake should provide the Regional Office with documentation substantiating the expenses she has incurred at Town Village. She should also provide the Regional Office with documentation showing the Medicare premiums she has paid, as well as receipts for any medical expenses that have not been reimbursed by insurance. *See* 38 C.F.R. § 3.278.

In this regard, when the Regional Office initially denied Mrs. Lake's claim in 2010, it informed her that she had the right to reapply for survivor pension benefits if her income decreased or her eligible deductible expenses increased. S.A. 12. Once Mrs. Lake supplies the Regional Office with the necessary documentation, it should expeditiously determine whether her countable annual income is below the maximum annual limit, *see* 38 U.S.C. § 1541(d), for receipt of survivor pension benefits.

CONCLUSION

Accordingly, Mrs. Lake's appeal of the judgment of the United States Court of Appeals for Veterans Claims is dismissed for lack of jurisdiction.

**DISMISSED**