# United States Court of Appeals for the Federal Circuit

---

**MARCOS GREENIDGE,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-2044

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7820, Judge Grant Jaquith, Judge Joseph L. Toth, Judge William S. Greenberg.

---

Decided: June 5, 2026

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENNETH M. CARPENTER.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before LOURIE and HUGHES, *Circuit Judges*, and KLEEH, *Chief District Judge*.[†]

HUGHES, *Circuit Judge*.

Marcos Greenidge appeals from the decision of the United States Court of Appeals for Veterans Claims denying his application for attorneys' fees under the Equal Access to Justice Act. Because the Veterans Court erred in determining that Mr. Greenidge is not a "prevailing party" pursuant to 28 U.S.C. § 2412(d)(1)(A), we reverse and remand.

I

A

Mr. Greenidge is a veteran of the Vietnam Era, having served in the U.S. Army from May 1970 to February 1972. In February 1993, Mr. Greenidge was awarded service connection for PTSD, effective May 1991, and assigned a 10% rating (the 1993 Decision). In September 2019, the Board of Veterans' Appeals determined Mr. Greenidge was entitled to an earlier effective date of May 1983 on the basis of clear and unmistakable error (CUE) in the 1993 Decision. The Board remanded Mr. Greenidge's claim to the regional office (RO) to implement the earlier effective date and to determine whether he was also entitled, on the basis of CUE, to a higher disability rating. The RO implemented the May 1983 effective date, but, in a supplemental statement of the case (SSOTC) issued in May 2020, denied a higher rating on the basis of CUE.

––––––––––––––––––

[†]    Honorable Thomas S. Kleeh, Chief District Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

Appellate review of such a decision is initiated by the filing of a notice of disagreement (NOD). *See* 38 U.S.C. § 7105(a). But before Mr. Greenidge filed an NOD, the Board preemptively took up his claim and denied a higher rating. *See* J.A. 140–56. On appeal to the Veterans Court, Mr. Greenidge argued that the Board acted without jurisdiction and requested that the Veterans Court vacate the Board's decision and remand to the Board with instructions to in turn remand to the RO to issue a statement of the case. The government agreed that the Board was without jurisdiction to issue its decision given the lack of an NOD. However, the government argued that the Board's decision should be vacated and Mr. Greenidge's appeal be dismissed rather than remanded.

In a February 2022 decision, the Veterans Court agreed with the government, concluding that because the Board issued its decision without jurisdiction, the Veterans Court lacked jurisdiction and, therefore, the authority to remand as Mr. Greenidge requested. J.A. 158. Emphasizing that Mr. Greenidge had a separate, properly noticed appeal pending before the Board regarding the merits of the RO's SSOTC, the Veterans Court vacated the Board's ultra vires decision and dismissed Mr. Greenidge's appeal. *See* J.A. 157–58.

B

On the basis of the Veterans Court's February 2022 decision, Mr. Greenidge applied for $9,144.73 in attorneys' fees under the Equal Access to Justice Act (EAJA). J.A. 159–64. Mr. Greenidge maintained that the Board's position—issuing a decision without jurisdiction to do so—was not "substantially justified" and that he was therefore a prevailing party entitled to fees by statute. *See* J.A. 161–62. The government opposed the request, arguing that the Veterans Court lacked jurisdiction to consider the fee application and, in the alternative, that Mr. Greenidge was not a "prevailing party" as required by EAJA.

In a split decision, the Veterans Court held that Mr. Greenidge was not a prevailing party under EAJA because he failed to secure "a remand from [the Veterans Court] that either clearly called for further VA proceedings or materially altered his legal relationship vis-à-vis the Secretary." *Greenidge v. McDonough*, 37 Vet. App. 213, 216 (2024) (*EAJA Decision*).[1] The Veterans Court relied on its decision in *Blue v. Wilkie* for the "definitive" test for determining prevailing party status "in the context of remands to administrative agencies," which requires the existence of a remand from the Veterans Court that (1) calls for additional agency action, (2) is predicated on agency error, and (3) does not retain jurisdiction in the Veterans Court. *Id.* at 221–22 (quoting 30 Vet. App. 61, 67 & n.3 (2018)). Thus, fatal to Mr. Greenidge's application was "that there was no remand to the Board in this case." *Id.* at 222. And, doubly fatal, without a remand order, there could be no remand that required further agency action. *Id.* The Veterans Court also discounted Mr. Greenidge's argument that he prevailed because he secured vacatur of the Board's ultra vires decision, removing it as an obstacle to litigating his CUE motion to the Board through proper procedures and thereby materially altering his legal relationship with the government. *Id.* at 223. The Veterans Court concluded that the "opportunity to have his otherwise finally denied

---

[1]    In an earlier decision, the Veterans Court held that it lacked jurisdiction to consider Mr. Greenidge's EAJA application because it had set aside the Board's underlying decision for lack of jurisdiction. *See Greenidge v. McDonough*, No. 20-7820(E), 2022 WL 11163723, at *1 (Vet. App. Oct. 19, 2022). On remand from this court, the Veterans Court withdrew that decision and issued in its place the presently appealed-from decision exercising jurisdiction over Mr. Greenidge's fee request but denying it on prevailing party grounds. *See EAJA Decision*, 37 Vet. App. at 223.

motion reconsidered by the Board" did not "constitute a material alteration in the legal relationship between him and the Secretary." *Id.* (cleaned up).

Mr. Greenidge timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## II

The Equal Access to Justice Act is a waiver of sovereign immunity that allows parties that prevail against the government in non-tort civil actions to recover attorneys' fees, subject to certain conditions. *See* 28 U.S.C. § 2412(d)(1)(A). The text of EAJA provides:

> Except as otherwise specifically provided by statute, ***a court shall award to a prevailing party*** other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). As the plain text makes clear, fees can only be awarded to the "prevailing party" in a "civil action" provided there is no finding that the government's position "was substantially justified or that special circumstances make an award unjust." *Id.* The only issue in this appeal is whether Mr. Greenidge is a prevailing party. *See* Appellee Br. 17 (noting "the Secretary waived any defense regarding whether his position was substantially justified or whether special circumstances would make an award of fees unjust" (citing J.A. 174 n.1)). This is a question of law that we review de novo. *See Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007).

A

We first frame EAJA's prevailing party inquiry within the context of a court's review of administrative agency determinations.

The Supreme Court has distinguished between judicial review of administrative agency decisions and proceedings that originate in district court. *See, e.g.*, *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364–67 (Fed. Cir. 2003) (*Motorola*) (analyzing Supreme Court precedent and distinguishing between proceedings). As relevant here, when assessing prevailing party status, the Veterans Court proceeding is considered separate from the underlying agency proceeding seeking an increased disability rating based on CUE. *See id.* at 1365. And it is the Veterans Court proceeding in which the EAJA fee applicant must prevail, not necessarily the underlying administrative proceeding. *See id.* at 1366; *Kelly v. Nicholson*, 463 F.3d 1349, 1354 (Fed. Cir. 2006) ("In awarding attorneys' fees and expenses under EAJA, the inquiry is whether [the veteran] was a prevailing party in his 'civil action,' not whether he ultimately prevails on his service connection claim."). This conclusion flows directly from the plain text of EAJA, which provides for an award of the fees that are incurred by the prevailing party in the "*civil* action," including "proceedings for judicial review of agency action" in a "court" with jurisdiction. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added); *cf. Melkonyan v. Sullivan*,[2] 501 U.S. 89, 93–95 (1991). Our decision thus rests on

---

[2]    In *Melkonyan v. Sullivan*, the Supreme Court considered the timing requirement for an EAJA fee application. 501 U.S. 89, 93–95 (1991). Pursuant to statute, parties have thirty days from entry of "final judgment in the action" to submit an EAJA fee application. 28 U.S.C. § 2412(d)(1)(B). The Supreme Court held that

whether Mr. Greenidge was the prevailing party in his action before the Veterans Court.

We next consider the meaning of "prevailing party." EAJA does not define "prevailing party" in the veterans' benefits context. *But cf.* 28 U.S.C. § 2412(d)(2)(H) (defining prevailing party for purposes of eminent domain cases). But Congress has included the term in several fee-shifting statutes, and the Supreme Court's approach has been "to interpret the term in a consistent manner" across statutes. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016). For that reason, we may rely on cases interpreting "prevailing party" in the context of other fee-shifting statutes for guidance. *See id.*

The "touchstone of the prevailing party inquiry" is whether there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). The Supreme Court has provided insight into what qualifies: Parties are "prevailing" where they secure an enforceable judgment on the merits, even if only for nominal damages, or a court-ordered consent decree. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001). But a party does not prevail, for example, where the filing of the lawsuit results in a voluntary change in the defendant's behavior. *See id.* at 605. Such a voluntary change in the defendant's

---

subsection (d)(1)(B)'s reference to "'final judgment *in the action*' plainly refers back to the 'civil action . . . in any court' in (d)(1)(A)." *Melkonyan*, 501 U.S. at 94. And thus the "final judgment" that triggers the window to file an EAJA application "can only be the judgment of a court of law." *Id.* The relevant court of law in this case is the Veterans Court.

behavior "lacks the necessary judicial *imprimatur* on the change" to confer prevailing party status under fee-shifting statutes. *Id.*

B

With this background in mind, we now turn to the question before us: whether the Veterans Court's vacatur of the Board's decision and accompanying dismissal of Mr. Greenidge's appeal confers prevailing party status on Mr. Greenidge under EAJA. We conclude that it does.

i

Mr. Greenidge predominantly relies on cases assessing prevailing party status in the context of a court's remand to an administrative agency. He appears to suggest that the Veterans Court's decision, while not actually a remand, was functionally one because its practical effect was to allow his NOD-initiated appeal of the RO's SSOTC to advance. Mr. Greenidge applies our court-to-administrative-agency remand test—which considers, in part, whether "the plaintiff secure[d] a remand requiring further agency proceedings because of alleged error by the agency"—to suggest that he is entitled to prevailing party status on the present facts. *See Motorola*, 336 F.3d at 1366. The government disagrees with Mr. Greenidge's characterization of the Veterans Court's decision and argues that our remand-specific precedent is inapplicable.

On this point, we agree with the government and the Veterans Court. The Veterans Court vacated the Board's decision and dismissed the appeal; it did not issue a remand order. *See EAJA Decision*, 37 Vet. App. at 222 ("there was no remand to the Board in this case"); J.A. 157–58. Our remand-specific prevailing party test is thus inapplicable. And our agency-remand caselaw is relevant only to the extent that it is in the remand context that we have held that the Veterans Court proceeding is separate and distinct, for purposes of EAJA, from the

underlying proceeding for benefits before the agency. *See, e.g., Motorola*, 336 F.3d at 1364–67; *Gurley v. Peake*, 528 F.3d 1322, 1327 (Fed. Cir. 2008). To the extent either party attempts to liken the Veterans Court's vacatur and dismissal to a remand, we find that argument unpersuasive. The Veterans Court was correct to reject it. *EAJA Decision*, 37 Vet. App. at 221–23. On this ground alone, we dispense with many of the parties' arguments.

ii

We therefore return to the touchstone of our prevailing party analysis—whether there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n*, 489 U.S. at 792–93. Mr. Greenidge asserts that he succeeded on the merits of his Veterans Court appeal when he secured vacatur of the Board's decision. And he contends that success constituted a material alteration in his legal relationship with the government sufficient to confer prevailing party status given that the Board's adverse, binding, and ultra vires decision was undone.

The Veterans Court rejected this rationale, finding that the court's disposition "merely afforded" Mr. Greenidge the opportunity to have his "'otherwise finally denied [motion] reconsidered by the Board' and was accompanied by 'no discussion directed to the merits of the [motion].'" *EAJA Decision*, 37 Vet. App. at 223 (alteration in original) (quoting *Winters v. Wilkie*, 898 F.3d 1377, 1384 (Fed. Cir. 2018)). The government recycles this rationale on appeal, arguing that securing the "opportunity to continue pursuing his claim before VA" is an outcome that this court has held insufficient to confer prevailing party status. *See* Appellee Br. 9–10; *cf. Akers v. Nicholson*, 409 F.3d 1356, 1360 (Fed. Cir. 2005) ("A boxer thrown out of the ring and then allowed back in to continue the fight has not prevailed; similarly, neither appellant here meets the requirements for

'prevailing party' status."). Even further, the government suggests that the Veterans Court *could not* have altered the legal relationship between the parties. It notes that because the Board acted without jurisdiction to decide the merits of Mr. Greenidge's benefits claim, the Veterans Court also lacked jurisdiction to decide the merits: "Without the power to consider Mr. Greenidge's appeal, the Veterans Court could not provide him with any kind of merits relief that would have been required to make him a prevailing party under EAJA." Appellee Br. 11.

The government's arguments on appeal reflect a focus on whether Mr. Greenidge has prevailed in his efforts to secure an earlier effective date on the basis of CUE. *See id.* at 9–10. But that focus disregards our caselaw holding that the judicial review action is separate from the underlying administrative proceeding for benefits. For prevailing party status under EAJA, the veteran is required to prevail in his claim for review of agency action, which does not always implicate the underlying claim for benefits. *See Motorola*, 336 F.3d at 1364–67. Mr. Greenidge's claim before the Veterans Court was that the Board exceeded its jurisdiction by taking up and deciding his claim without a jurisdiction-conferring NOD. And he succeeded on the merits of that claim when the Veterans Court vacated the erroneous Board decision. In doing so, the Veterans Court effected a material change in the parties' legal relationship of the kind which Congress sought to promote in EAJA—it vacated an otherwise binding and adverse decision from the Board. *See Kelly*, 463 F.3d at 1353 (noting that the core objective of EAJA is to remove financial deterrents from seeking review of "unjustified governmental action" (citation omitted)).

The government's cited cases do not change this result. For example, the government cites *Robinson v. O'Rourke*, 891 F.3d 976 (Fed. Cir. 2018), to suggest that a Veterans Court order that simply allows for "additional consideration" of the veteran's claims does not constitute a material

change in the relationship between the parties. Appellee Br. 9 (quoting 891 F.3d at 985). However, in *Robinson* we emphasized that the "additional consideration" the veteran secured "was not predicated on an allegation that the Board had acted improperly." 891 F.3d at 985. Nor could it be—there, the Veterans Court had simply exercised its discretion to remand to allow the veteran to raise an otherwise waived argument. *See id.* To the extent the relief Mr. Greenidge secured here is characterized as "additional consideration" of his CUE claim, this relief *was* predicated on the Board acting improperly. *Robinson* is inapplicable.

The government also relies on this court's decision in *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004). There the Veterans Court vacated an adverse Board decision and remanded with instructions to dismiss for lack of original jurisdiction. *Halpern*, 384 F.3d at 1306. The government suggests the circumstances here "are even less favorable to a prevailing party finding than in *Halpern*, because the Veterans Court dismissed Mr. Greenidge's appeal rather than remanding." Appellee Br. 15. But *Halpern* differs materially both because it arose in the context of a remand and because the Veterans Court never reached the merits of the *agency review action*. In *Halpern*, the Board decided in the first instance that an attorney was not entitled to a percentage of a veteran's award because of deficiencies in the fee agreement. *Halpern*, 384 F.3d at 1299–1300. The attorney appealed the merits of that denial to the Veterans Court but, while his appeal was pending, moved to vacate the Board's decision for lack of original jurisdiction. *Id.* at 1300. The Veterans Court granted Mr. Halpern's motion, and he requested fees under EAJA. *Id.* In denying prevailing party status, we emphasized that the Veterans Court never reached the merits of Mr. Halpern's appeal to the Veterans Court, which contested his entitlement to withheld fees. *See id.* at 1306. In contrast, here Mr. Greenidge's appeal to the Veterans Court was focused entirely on the Board's ultra vires actions, and he prevailed on the

merits of that claim when he secured vacatur of the Board's decision. *Cf. Motorola*, 336 F.3d at 1367 ("The consent nature of the remand order does not deprive appellants of prevailing party status.").

This appeal differs from those cases cited by the government in which we have denied prevailing party status because the Veterans Court did not reach the merits of the appeal. *See Cavaciuti v. McDonough*, 75 F.4th 1363, 1367 (Fed. Cir. 2023) (denying prevailing party status where Veterans Court dismissed petition as moot); *Winters*, 898 F.3d at 1384 (no prevailing party status where "discretionary vacatur and remand" was "predicated solely on the interest of judicial economy"); *cf. Veterans Legal Advoc. Grp. v. Collins*, No. 24-1759, 2026 WL 1520498, at *3 (Fed. Cir. June 1, 2026) ("We therefore hold that a court order requiring a party only to confirm its voluntarily taken corrective actions for purposes of assessing mootness does not bear sufficient judicial *imprimatur* to confer prevailing-party status."). Here, the Veterans Court awarded Mr. Greenidge the primary relief he sought—vacatur of the underlying ultra vires Board decision.

The facts leading to this appeal are unique and our holding correspondingly narrow. It is uncommon that a veteran's appeal to the Veterans Court is divorced from the underlying merits of their request for benefits and even more uncommon that the veteran seeks vacatur of an ultra vires Board decision. Where the Board acts ultra vires in preemptively issuing an adverse decision before any jurisdiction-conferring NOD is filed, the veteran's success in obtaining vacatur of that decision confers prevailing party status under EAJA.

### III

We have considered the government's remaining arguments and find them unpersuasive. The judgment of the Veterans Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

# REVERSED AND REMANDED

COSTS

Costs to Appellant.