# United States Court of Appeals for the Federal Circuit

2007-7148

RANDOLPH S. GURLEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2007-7148

RANDOLPH S. GURLEY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1930(E), Judge Bruce E. Kasold.

_____

DECIDED:    June 9, 2007

_____

Before MICHEL, <u>Chief Judge</u>, DYK and MOORE, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Randolph S. Gurley ("Gurley") appeals a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his application for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  <u>Gurley v. Nicholson</u>, 20 Vet. App. 573 (2007).  Because we agree with the Veterans Court that Gurley is not a "prevailing party" under EAJA, we affirm.

BACKGROUND

Gurley served in the Army from 1972 to 1974.  In 1980, Gurley applied to the Regional Office of the Department of Veterans Affairs ("VA") located in Columbia, South Carolina, for a disability rating based on the residuals of left knee synovitis.  The VA

initially issued Gurley a non-compensable rating for his knee injury. However, in 1989, Gurley applied for and was awarded a disability rating increase to 10%. In February 1994, Gurley again sought an increased disability rating for his knee injury based on additional evidence, but this time was denied any increase. Over the next ten years, the VA three times denied Gurley's claim for a disability rating increase. Gurley three times appealed to the Board of Veterans' Appeals ("Board"), and the Board three times remanded to the VA for further consideration.

On June 25, 2004, the Board issued a decision increasing Gurley's 10% disability rating for his left knee disability to 20%, while at the same time rejecting Gurley's contention that he was entitled to a higher disability rating. The Board concluded that Gurley had met "the criteria for a 20 percent disability rating [for the knee injury], but no more." J.A. at 32. In the same opinion, the Board addressed additional issues directed to Gurley's claim for increased compensation that were separate from, but related to, the claim for an increased disability rating. First, Gurley claimed entitlement to service connection for a psychiatric disorder. This claim was that a psychiatric disability, incurred during a period of hospitalization in 1997, was proximately due to or was the result of Gurley's left knee disability, and therefore entitled Gurley to increased compensation. Gurley also made a claim for entitlement to a total disability rating based on individual unemployability due to service-connected disability ("TDIU"). That is, he claimed that his left knee disability left him unable to work or to find gainful employment, and that he was entitled to compensation based on his demonstrated unemployability. The Board declined to reach the merits of either of the latter two claims and remanded both to the VA.

Gurley timely appealed the Board's decision on the left knee disability claim to the Veterans Court. In his opening brief, Gurley argued that the Board should not have separately addressed the greater than 20% rating question as to the knee injury, but instead should have remanded that claim with the other two remanded claims. The latter claims, Gurley argued, were "inextricably intertwined" with the knee injury claim, since "[a] grant of a total rating based upon individual unemployability would have a 'significant impact' on his claim for an increased rating for his left knee disability." J.A. at 26. Gurley did not cite any authority suggesting that the Board was obligated to consider such claims simultaneously. Rather, Gurley relied on several Veterans Court decisions that had either dismissed appeals for lack of jurisdiction (when the appealed claim was intertwined with other claims pending before the VA) or remanded such claims to the Board so that the claims could be considered simultaneously. The leading case was Harris v. Derwinski, where the Veterans Court dismissed the appellant's appeal for lack of jurisdiction. 1 Vet. App. 180, 183 (1991). In Harris, the Board had denied a claim for "an increased rating for anxiety neurosis with depressive features," but remanded a separate claim for "compensation for a service-connected heart disorder." Id. at 181. The Veterans Court determined that because the two claims were "so closely tied" to each other, the Board's decision was not a final decision. Id. at 183.

On October 5, 2005, before the government filed its brief, the parties filed a joint motion for remand, requesting that the Veterans Court vacate that portion of its judgment limiting the knee injury disability rating to 20% and remanding the claim to the VA to be heard with the other two claims. The joint motion stated in relevant part:

> The parties agree that remand is warranted to comply with the Court's holding in Harris v. Derwinksi, 1 Vet.App. 180 (1991). Where the facts

2007-7148                                3

underlying separate claims are "intimately connected", the interests of judicial economy and avoidance of piecemeal litigation require that the claims be adjudicated together. Smith v. Gober, 236 F.3d 1370, 1373 (Fed. Cir. 2001). The Court has held that where a decision on one issue would have a "significant impact" upon another, and that impact in turn "could render any review by this Court of the decision [on the other claim] meaningless and a waste of judicial resources," the two claims are inextricably intertwined. Harris v. Derwinski, 1 Vet.App. 180, 183 (1991).

J.A. at 16 (alteration in original).

In an order dated October 13, 2005, the Veterans Court granted the parties' joint motion for remand, which it incorporated by reference. The court vacated the portion of the Board's judgment limiting the knee injury rating and remanded the claim to the VA. The Veterans Court did not retain jurisdiction.

After the remand order issued, Gurley timely filed an EAJA application with the Veterans Court seeking an award of attorneys' fees, costs, and expenses in the total amount of $6,429.72. Gurley maintained that the Board's position, denying him a disability rating of more than 20% rather than remanding the issue, was not "substantially justified" because the Board remanded two claims that were intimately connected with the increased knee injury rating claim. The VA filed an opposition to Gurley's application, arguing that Gurley was not a "prevailing party" under EAJA because his remand was not predicated on agency error. The Veterans Court agreed.

The Veterans Court held that Gurley was not a prevailing party under EAJA, because his remand was not predicated on administrative error. Instead, the court found that the remand "was warranted for compliance with Harris, for the specifically stated purposes of 'judicial economy and avoidance of piecemeal litigation.'" J.A. at 5. Harris, the court explained, involved a claim that the Veterans Court was without jurisdiction to hear on appeal, but the case also "involved concepts of judicial economy."

Id. The court found that, in this case, and in contrast to Harris, it did have jurisdiction over Gurley's claim. That left "consideration of judicial economy as the sole basis for the [joint motion to remand]." Id. Under these circumstances, the Veterans Court concluded that a remand to comply with Harris, absent any jurisdictional problem, could not have been predicated on administrative error.

Gurley timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

On review of a decision of the Veterans Court, this court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1); Halpern v. Principi, 384 F.3d 1297, 1300 (Fed. Cir. 2004). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2). We therefore review without deference the Veterans Court's interpretation of EAJA. Davis v. Nicholson, 475 F.3d 1360, 1363 (Fed. Cir. 2007). The question of whether Gurley is a prevailing party in this context is a legal question which we review de novo. Id.

I

EAJA provides in relevant part:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C § 2412(d)(1)(A) (emphases added).

Prevailing party status requires "some relief on the merits." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). The Supreme Court has been clear that remands by the courts of appeals to district courts for further proceedings do not constitute relief on the merits or confer prevailing party status on the successful party. See Hewitt v. Helms, 482 U.S. 755, 762 (1987); Hanrahan v. Hampton, 446 U.S. 754, 758-59 (1980) (holding that a remand to the district court does not confer prevailing party status on the appellant under the Civil Rights Attorney's Fees Awards Act of 1976). A different rule prevails when federal court review of administrative agencies is involved. See Shalala v. Schaefer, 509 U.S. 292, 299 (1993); Sullivan v. Hudson, 490 U.S. 877, 888 (1989). In that context, remand orders may confer prevailing party status because "[s]ecuring a remand to an agency can constitute the requisite success on the merits." Kelly v. Nicholson, 463 F.3d 1349, 1353 (Fed. Cir. 2006).

For example, in Former Employees of Motorola Ceramic Products v. United States, 336 F.3d 1360 (Fed. Cir. 2003), following Schaefer, we held that "[w]hen there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits." Id. at 1366.[1]

In Halpern, we followed Former Employees where a remand from the Veterans Court to the VA was involved. We recognized that, under Schaefer and Hudson, "in the context of Social Security cases, a remand without retention of jurisdiction terminates

---

[1] However, when "the trial court retains jurisdiction, the claimant is a prevailing party only if it succeeds before the agency." Former Employees, 336 F.3d at 1366.

the civil action for purposes of EAJA, and prevailing party status must be determined based upon the final judgment entered in the civil action." 384 F.3d at 1304-05. We then found "no reason to distinguish remands from the Veterans' Court from remands in Social Security cases." Id. at 1305.[2] In Kelly v. Nicholson, we found that the remand from the Veterans Court to the VA was based on agency error, "namely the VA's failure to consider all evidence and material of record before deciding a material issue on the merits," and accordingly held that the appellant was a "prevailing party." 463 F.3d 1349, 1354 & n.*** (Fed. Cir. 2006). We explained that "the inquiry is whether [the party] was a prevailing party in his 'civil action,' not whether he ultimately prevails on his service connection claim." Id. at 1354. "[R]emands based on our recognition of agency error from the record do confer prevailing party status," and "[t]he same result follows if the Veterans Court finds administrative error or if the Secretary concedes it." Davis v. Nicholson, 475 F.3d 1360, 1364 (Fed. Cir. 2007) (citing Kelly, 463 F.3d at 1354 n.***).

Contrary to Gurley's argument, however, not "every remand constitutes a grant of relief on the merits." Former Employees, 336 F.3d at 1366. As we made clear in Former Employees, the remand must be based on an administrative error in order for the appellant to qualify as a prevailing party. We stated: "where the plaintiff secures a

---

[2]      The rule that a party who has secured a remand to an administrative agency, where the remanding court retains no jurisdiction, can be considered a prevailing party has been followed in every circuit that has considered the question. See Johnson v. Gonzales, 416 F.3d 205, 210 (3d Cir. 2005) (concluding that "an alien whose petition for review of a [Board of Immigration Appeals] decision is granted by our Court and whose case is then remanded to the [Board] is a prevailing party under the EAJA"); Muhur v. Ashcroft, 382 F.3d 653, 654-55 (7th Cir. 2004) (holding that the appellant was a prevailing party based on the  district court's reversal of her removal order and a remand of her case for asylum to the immigration service); Rueda-Menicucci v. INS, 132 F.3d 493, 495 (9th Cir. 1997) (concluding that the appellant could

remand requiring further agency proceedings <u>because of alleged error by the agency</u>, the plaintiff qualifies as a prevailing party . . . without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court." <u>Id.</u> (emphasis added). We recently reaffirmed that in cases "where the court below has not retained jurisdiction, we have developed an approach for determining when a remand to an administrative agency occurs 'because of alleged error by the agency.'" <u>Davis</u>, 475 F.3d at 1364 (quoting <u>Former Employees of Motorola</u>, 336 F.3d at 1366). To be considered a prevailing party, "we must conclude that the Remand Order was either explicitly or implicitly predicated on administrative error." <u>Id.</u>

In a variety of contexts, we have specifically held that a remand does not confer prevailing party status where the remand is not predicated on an administrative error. In <u>Davis</u> itself, we held that a remand to allow the veteran to present new evidence was not a remand predicated on administrative error. <u>Id.</u> Similarly, in <u>Vaughn v. Principi</u>, we held that a remand based on the discovery of new evidence is not based on administrative error and did not confer prevailing party status. 336 F.3d 1351, 1360 (Fed. Cir. 2003). In <u>Vaughn</u>, we also found that a remand based on a change in law was not one based on a determination of administrative error, and therefore did not confer prevailing party status. <u>Id.</u>; <u>see also</u> <u>Akers v. Nicholson</u>, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (finding that parties did not obtain prevailing party status because the remands "arose from a change in law").

II

---

be considered a prevailing party based on the court's remand to the Board of Immigration Appeals).

Thus, the question here is whether the remand is for administrative error. The mere fact that the remand was by agreement does not bar a finding of prevailing party status, but the nature of the remand does require us to consider the context of the remand. As we concluded in Davis, "the determination of agency error is not limited to the four corners of the Remand Order." 475 F.3d at 1365.

The agency argues that no administrative error was involved here. We agree. In support of his contention that the remand was for administrative error, Gurley relies on the language of the joint motion that states that "remand is warranted to comply with . . . Harris." J.A. at 16. Gurley urges that the Veterans Court remanded because the Board was obligated to remand to comply with Harris. But, as we have noted above, Harris did not involve a determination that the VA committed administrative error. In Harris, the Veterans Court dismissed the veteran's appeal under the finality doctrine. It stated that it "will neither review [Board] decisions in a piecemeal fashion nor unnecessarily interfere with the Department of Veterans Affairs' (VA) deliberative process." 1 Vet. App. at 183. The court found that such piecemeal review could render a decision on one claim "meaningless" and would be a "waste of judicial resources." Id. The court concluded that it had no jurisdiction over the claim, which it dismissed without prejudice. The Veterans Court cases following Harris involving remands rather than dismissals (cited by Gurley in his brief) were also based on notions of finality and judicial economy.[3] See Henderson v. West, 12 Vet. App. 11, 20 (1998) (remanding two

---

[3]    Our decision in Smith v. Gober, 236 F.3d 1370 (Fed. Cir. 2001), cited in the remand order, does not support a finding of administrative error. There, we dismissed the appeal as outside of our jurisdiction because the decision below was not final. Id. at 1371. In doing so, we referred expressly to the "interests of judicial economy and avoidance of piecemeal litigation." Id. at 1372.

claims both before the Veterans Court); <u>Bagwell v. Brown</u>, 9 Vet. App. 337, 339-40 (1996) (remanding an inextricably intertwined claim).

The joint motion itself makes clear that the Veterans Court remanded the claim solely for purposes of judicial economy. The joint motion states that "[w]here the facts underlying separate claims are 'intimately connected', the interests of <u>judicial economy</u> and <u>avoidance of piecemeal litigation</u> require that the claims be adjudicated together." J.A. at 16 (emphases added). The joint motion asserts that separate review of claims that are "inextricably intertwined" would result in "meaningless" review and "a waste of judicial resources." <u>Id.</u> (quoting <u>Harris</u>, 1 Vet. App. At 183). There is nothing in the joint motion that suggests that the Board erred in failing to remand that claim to the VA regional office with the other two remanded claims.

We therefore agree with the Veterans Court that the "sole basis" for the remand was judicial economy rather than administrative error. Under these circumstances, Gurley cannot be considered a "prevailing party" under EAJA.

## CONCLUSION

Because we conclude that Gurley is not a "prevailing party" for purposes of EAJA, we AFFIRM.

No costs.