# United States Court of Appeals
# for the Federal Circuit

---

**EARL THOMPSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee.*

---

2011-7064

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-1026, Chief Judge Bruce E. Kasold.

---

Decided: June 25, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were MICHAEL J.

TIMINSKI, Deputy Assistant General Counsel and AMANDA
R. BLACKMON, Attorney, United States Department of
Veterans Affairs, of Washington, DC.

---

Before NEWMAN, BRYSON, *Circuit Judges*, and FOGEL,
*District Judge.*[*]

FOGEL, *District Judge.*

Claimant-Appellant Earl Thompson appeals a decision
of the United States Court of Appeals for Veterans Claims
("Veterans Court") holding that he was not a prevailing
party under the Equal Access to Justice Act ("EAJA"), 28
U.S.C. § 2412(d), and that as a result he was not entitled to
recover attorneys' fees and costs. We have jurisdiction
pursuant to 38 U.S.C. § 7292, and we affirm.

I.

Mr. Thompson served in the United States Navy from
October 1973 to January 1975. During active service, he
was treated for psychiatric symptoms that were attributed
to immature personality disorder. Over the following years,
he was hospitalized sporadically based upon complaints of a
nervous disorder and an inability to get along with others.
In 1984 he was diagnosed as a paranoid schizophrenic. He
was hospitalized for schizophrenia several times between
1984 and 1991.

In 2006, a Regional Office ("RO") of the Department of
Veterans Affairs ("VA") issued a rating decision finding no
service connection with respect to any acquired psychiatric

---

[*] Honorable Jeremy Fogel, District Judge, United
States District Court for the Northern District of California,
sitting by designation.

disorder that Mr. Thompson might be suffering. Mr. Thompson appealed that rating decision to the Board of Veterans' Appeals ("the Board") and then appealed the Board's unfavorable decision to the Veterans Court.[1] Before the Veterans Court reached the merits of the appeal, the parties filed a joint motion for partial remand ("JMR") citing that court's intervening decision in *Clemons v. Shinseki*, 23 Vet. App. 1 (2009). In *Clemons*, the claimant sought benefits for post-traumatic stress disorder ("PTSD"). The Board denied benefits based upon a determination that the record did not support a diagnosis of PTSD. The Veterans Court granted a JMR, directing the Board to consider record evidence that the claimant had an anxiety disorder or a schizoid disorder. While acknowledging that the claimant had not asserted any disorder other than PTSD, the Veterans Court held that the claimant was not competent to determine what disorder caused his symptoms and that it was the responsibility of the Board to determine what mental condition actually existed. *Id.* at 6. The JMR filed in the present case requested that the Board be directed to "consider and address the legal proposition outlined in *Clemons* as it applies to the particular facts of this case." The Veterans Court granted the JMR on September 29, 2009.

Mr. Thompson then moved for attorneys' fees and costs in the Veterans Court, asserting that the grant of the JMR made him a prevailing party under EAJA. That motion was denied in a single-judge decision issued on June 1, 2010 and by a subsequent panel decision issued on November 19, 2010. This timely appeal followed.

---

[1] Mr. Thompson also appealed several earlier rating decisions that had denied service connection for a nervous condition (May 1978 rating decision) and for schizophrenia (May 2000 and May 2001 rating decisions). He later withdrew those rating decisions from appellate review.

## II.

"Our jurisdiction in veterans cases is limited by statute." *Halpern v. Principi*, 384 F.3d 1297, 1306 (Fed. Cir. 2004). In particular, 38 U.S.C. § 7292(d)(2) provides that, "Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). As a result, we review the Veterans Court's interpretation of EAJA without deference, but we are precluded from reviewing its application of EAJA to the facts of a particular case. *See Vaughn v. Principi*, 336 F.3d 1351, 1354 (Fed. Cir. 2003).

We have "recognized, however, that where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law." *Halpern*, 384 F.3d at 1306. Applying this principle, we have conducted *de novo* review of the Veterans Court's determinations of prevailing party status in a number of cases. *See, e.g., Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008); *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007).

Under EAJA, a "prevailing party" is entitled to recover attorneys' fees and expenses incurred in a civil action brought by or against the United States unless the position of the United States was substantially justified or other circumstances make an award unjust. *See* 28 U.S.C. 2412(d)(1)(A).[2] "The essential objective of the EAJA is to

---

[2]  Section 2412(d)(1)(A) reads in full as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addi-

ensure that persons will not be deterred from seeking re-
view of, or defending against, unjustified governmental
action because of the expense involved in the vindication of
their rights." *Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed.
Cir. 2006) (internal quotation marks and citations omitted).
"Removing such deterrents is imperative in the veterans
benefits context, which is intended to be uniquely pro-
claimant . . . and in which veterans generally are not repre-
sented by counsel before the RO and the board." *Id.* "EAJA
is a vital complement to this system designed to aid veter-
ans, because it helps to ensure that they will seek an appeal
when the VA has failed in its duty to aid them or has other-
wise erroneously denied them the benefits that they have
earned." *Id.*

A veteran seeking an EAJA award has the burden of
proving that he or she is a prevailing party. *See Davis*, 475
F.3d at 1366. "Prevailing party status requires 'some relief
on the merits.'" *Gurley*, 528 F.3d at 1326 (quoting *Buck-
hannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &
Human Res.*, 532 U.S. 598, 603 (2001)). Remand to an
administrative agency "may confer prevailing party status
because '[s]ecuring a remand to an agency can constitute the
requisite success on the merits.'" *Id.* (quoting *Kelly*, 463
F.3d at 1353). "[W]here the plaintiff secures a remand
requiring further agency proceedings because of alleged

---

tion to any costs awarded pursuant to subsection
(a), incurred by that party in any civil action (other
than cases sounding in tort), including proceedings
for judicial review of agency action, brought by or
against the United States in any court having juris-
diction of that action, unless the court finds that the
position of the United States was substantially jus-
tified or that special circumstances make an award
unjust.

error by the agency, the plaintiff qualifies as a prevailing party . . . without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court." *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003).[3] At the same time, "[w]here there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes under the *Motorola* test." *Davis*, 475 F.3d at 1366. "This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so." *Id.*

## III.

In the present case, the Veterans Court's order granting the JMR was extremely brief, reading in its entirety as follows:

> The parties have filed a joint motion to remand this appeal to the Board of Veterans' Appeals (BVA). It is
>
> ORDERED that the motion for remand is granted and that part of the BVA's decision that denied entitlement to service connection for an acquired psy-

---

[3] In contrast, "a remand to an administrative agency to consider the effects of legislation enacted while the case was on appeal does not constitute securing relief on the merits." *Motorola*, 336 F.3d at 1366 (citing *Vaughn*, 336 F.3d at 1355). Nor does a remand for application of an intervening case. *See Akers v. Nicholson*, 409 F.3d 1356, 1359-60 (Fed. Cir. 2005).

> chiatric disorder, to include schizophrenia is re-
> manded, pursuant to 38 U.S.C. § 7252(a), for com-
> pliance with the instructions in the joint motion,
> which is incorporated herein by reference. The ap-
> peal as to the remaining issues is dismissed. Under
> Rule 41(b) of the Court's Rules of Practice and Pro-
> cedure, this order is the mandate of the Court.

The order does not contain a judicial finding of administra-
tive error, nor has the VA conceded any such error. Accord-
ingly, the default rule – no error – applies unless Mr.
Thompson can prove that the remand must have been
predicated on administrative error.

The single judge of the Veterans Court who initially de-
nied Mr. Thompson's EAJA application concluded that
*Clemons* created new law and thus that the remand did not
constitute relief on the merits. *See Akers*, 409 F.3d at 1359
(holding that remand for application of an intervening case
does not render the claimant a prevailing party). The panel
that subsequently considered the issue concluded that
*Clemons* did not create new law but merely reiterated
established principles. The panel nonetheless determined
that the remand was not predicated on administrative error,
observing that "even in the absence of error below, nothing
prevents the parties from jointly agreeing to request that
the Court remand a matter for the Board to consider estab-
lished law, or for any other proper purpose, without an
admission of error, or otherwise prevents the Court from
granting such a JMR."

To the extent that Mr. Thompson challenges the Veter-
ans Court's factual determination that the remand was not
predicated on administrative error, or its application of
EAJA to the facts of this case, we lack jurisdiction under the
standards set forth above. However, we may address as a

question of law Mr. Thompson's contention that a remand based upon *Clemons* necessarily must have been predicated on administrative error. Mr. Thompson argues that if *Clemons* merely recited established principles, then the remand for further proceedings consistent with *Clemons* necessarily implied that the Board failed to fulfill its obligations in the first instance. He asserts that if the Board committed such administrative error, then he is entitled to prevailing party status.

Even if we were to agree with Mr. Thompson's interpretation of *Clemons*, it is not apparent that the Veterans Court subscribed to that interpretation at that time that it granted the JMR. The parties themselves seemingly believed that *Clemons* had changed the legal landscape, as the JMR cited *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991), which provides for retroactive application of a new rule of federal law. The clear purpose of the JMR was to ask the Board to reevaluate Mr. Thompson's claim in light of *Clemons*. These circumstances do not support a finding that at the time the Veterans Court granted the parties' JMR, it did so because of any actual or perceived administrative error on the part of the Board. *See Davis*, 475 F.3d at 1364 (controlling question is whether the Veterans Court's remand order was "implicitly predicated on administrative error").

We recognize that EAJA is an important component of the framework within which veterans may seek benefits. However, inappropriately broad application of the statute could have the unintended and unfortunate consequence of discouraging the government from cooperating in the presentation of joint motions for remand, thus hindering rather than aiding veterans seeking to vindicate their rights. We cannot agree with Mr. Thompson's assertion that he is entitled to fees and expenses in this case.

**AFFIRMED**

No costs.