# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-1884(E)

ALBERT P. BLUE, APPELLANT,

V.

ROBERT L. WILKIE,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Argued January 9, 2018                                    Decided May 16, 2018)

*Kenneth M. Carpenter*, of Topeka, Kansas, with whom *Robert B. Goss*, of Houston, Texas, was on the pleading, for the appellant.

*Mark D. Vichich*, Appellate Attorney, with whom *James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Richard A. Daley*, Deputy Chief Counsel, all of Washington, D.C., were on the pleading, for the appellee.

Before PIETSCH, ALLEN, and MEREDITH, *Judges*.

ALLEN, *Judge*: Before the Court is the appellant Albert P. Blue's July 28, 2017, application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $9,314.17. The Secretary opposed the EAJA application asserting only that Mr. Blue is not a prevailing party because the Court's remand was not predicated on agency error. On October 10, 2017, this case was submitted to a panel of the Court to address whether the appellant is a prevailing party under 28 U.S.C. § 2412(d)(1)(A) in the context of an appeal in which the Court (1) specifically stated that it found no error in the underlying Board of Veterans' Appeals (Board) decision but (2) nonetheless vacated that decision and remanded the matter for further development based on factual information provided by the appellant in the first instance on appeal. For the following reasons, we hold that, under the circumstances of this case, the appellant is a prevailing party for EAJA purposes. Accordingly, the Court will grant in full the appellant's EAJA application.

# I. RELEVANT BACKGROUND

Mr. Blue's substantive appeal concerned an April 24, 2015, Board decision that denied service connection for a back disorder, a bilateral knee disorder, and a psychiatric disorder. As relevant to the EAJA question, the appellant argued that VA had not fulfilled its duty to assist him because it had not obtained VA medical treatment records from a facility in California. *See* Appellant's Brief (Br.) at 1. He requested that the Court vacate the Board's decision and remand the matter for "further development and adjudication." *Id*. at 18.

On April 20, 2017, the Court issued a memorandum decision in which it vacated the Board's decision on appeal and remanded the matter for further development and readjudication. *Blue v. Shulkin*, No. 15-1884, 2017 WL 1407530, at *4 (Vet. App. April 20, 2017). In its decision, the Court addressed the appellant's challenge to the Board's determination that VA satisfied its duty to assist despite not obtaining the VA treatment records at issue. *Id*. at *3. The Court explained that the Board did not err in that regard as it was not VA's duty to "'sift through'" the appellant's claims file "to determine when and where he may have received VA treatment." *Id*. (quoting Secretary's Br. at 14). The Court recognized that the appellant maintained throughout the pendency of his administrative appeal that he was treated in a VA facility in Palm Springs, California; however, it was only on appeal to the Court that he provided accurate treatment dates. Specifically, the Court noted that before the agency the appellant had maintained that he was treated at the Palm Springs VA facility from 1970 to 1973, and while at the Court he stated that, in fact, his treatment began in 1975. *Id*. In a passage that takes on a featured role in this matter, the Court opined that,

> [a]lthough [it] can find no error in the Board's failure to discover the exact dates of the appellant's treatment in California or in VA's failure to request records dated at least 2 years later than the appellant's testimony revealed, the appellant has now identified evidence in the record that meets his burden of providing VA with the information necessary to assist him in obtaining potentially relevant VA records.

*Id.* The Court then determined that it would vacate the Board's decision and remand the matter for the Board "to consider this evidence in the first instance and to direct VA to provide such additional assistance to the appellant it deems appropriate in light of this evidence." *Id.* Thus, the Court ordered essentially the same relief the appellant had requested. *See, e.g.,* Appellant's Br. at 18 (requesting remand for "further development and adjudication").

The appellant argues that he is a prevailing party because the relief the Court provided was predicated on error. He explains that, regardless of the language used in the underlying merits decision, for EAJA purposes the Court can–indeed, must–independently assess whether the

remedy provided in the underlying merits decision was one that was necessitated by error. Reply at 2-3. In other words, the appellant contends that the Court, as the EAJA decision-maker and without reevaluating the underlying merits decision, must determine whether the Court's remand here was the type of remedy that necessarily required a finding of agency error.

The Secretary, however, argues that the appellant is not a prevailing party because the April 2017 Court decision explicitly found no error in the underlying Board decision. During oral argument, the Secretary emphasized that, "in the instance that there is an explicit finding of no error on the merits, that should end the discussion for the purposes of [sic] prevailing party under EAJA." Oral Argument at 39:36-39:44. The Court must decide which of these competing theories is correct.

## II. ANALYSIS

The Court has jurisdiction to approve EAJA applications and to award reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(1)(A), (2)(F). A party seeking EAJA fees must submit a timely application that includes: (1) a showing that the applicant is a prevailing party; (2) an assertion that the applicant is "eligible to receive an award"; (3) a statement of "the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate"; and (4) an allegation that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004). The only requirement at issue here is whether the appellant is a prevailing party.[1]

### A. Legal Requirements for Prevailing-Party Status

One might think that determining whether a litigant is a "prevailing party" for EAJA purposes would be straightforward. After all, it is usually fairly easy to figure out who is a winner and who is not. But defining the characteristics of a "prevailing party" under EAJA has proven to be challenging, especially in the context of the review of agency decisions. We begin by canvassing the development of the law in this area, ultimately leading us to the test that captures the elements that must be established to be a prevailing party under the EAJA.

---

[1] The Secretary does not argue that the position he took in this case was substantially justified and he does not challenge the appellant's eligibility or the reasonableness of the award sought. He only disputes the appellant's assertion that he is a prevailing party. Secretary's Response (Resp.) at 1, n.1. Thus, if the appellant is a prevailing party, the application should be granted.

3

Generally, to achieve prevailing party status, a litigant must receive at least some relief on the merits of the claim rising to the level of an enforceable judgment on the merits or court-ordered consent decree that materially alters the parties' legal relationship. *Vaughn v. Principi*, 336 F.3d 1351, 1356-57 (Fed. Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). While recognizing that normally a decision merely remanding a case would not qualify as "some relief on the merits," the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has explained that remands to administrative agencies are different than other remands and *may* constitute the requisite relief on the merits. *Former Employees of Motorola Ceramic Products (Motorola) v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003). Specifically:

> [W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Id.*; *see Kelly v. Nicholson*, 463 F.3d 1349, 1354 (Fed. Cir. 2006) ("[T]he inquiry is whether [the party] was a prevailing party in his 'civil action,' not whether he ultimately prevails on his service connection claim.").

We know then that remands to agencies may confer prevailing party status, but do not always do so. Over the years, this Court and the Federal Circuit have explored the dividing line between remands that confer such status and remands that do not. For example, a remand to consider the effect of intervening legislation does not confer prevailing party status, *see Vaughn*, 336 F.3d at 1356-57, 1360, nor does a remand directing dismissal for lack of jurisdiction, *see Halpern v. Principi*, 384 F.3d 1297, 1306 (Fed. Cir. 2004). Additionally, a remand for procedural purposes—e.g., to address the passage of a new law or issuance of a judicial decision offering new avenues of relief—does not confer prevailing party status. *See Akers v. Nicholson*, 409 F.3d 1356, 1360 (Fed. Cir. 2005). Similarly, a remand for the Board to consider a legal issue raised for the first time on appeal pursuant to *Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000), does not, by itself, confer prevailing party status. *See Gordon v. Shinseki*, 17 Vet.App. 221, 224 (2003); *see also Vahey v. Nicholson*, 20 Vet.App. 208, 211 (2006) (rejecting appellant's contention that he was a prevailing party because the matter was remanded for readjudication in light of caselaw that was not yet considered by the agency in the first instance).

4

In *Davis v. Nicholson*, the Federal Circuit reaffirmed *Motorola* and further expounded on how to determine when a remand to an administrative agency occurs "'because of alleged error by the agency.'" 475 F.3d 1360, 1364 (Fed. Cir. 2007) (quoting *Motorola*, 336 F.3d at 1366). Significantly, the Federal Circuit held that agency error can be explicit or implicit in a court's decision (assuming the agency does not confess error). *See id.* The Federal Circuit held:

> Where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes under the *Motorola* test. This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so.

*Id.* at 1366.

We pause at this point to underscore the importance of this passage from *Davis* for purposes of this case. The face of the underlying merits decision sets the stage for a subsequent EAJA determination. However, that decision (and the language it uses) is not the end of the matter. Rather, it sets a "default rule," essentially determining whether the onus will be on the EAJA applicant to demonstrate that a remand without an express finding of error was in fact predicated on administrative error to be deemed a prevailing party. Thus, as the Federal Circuit expressly noted, "remands based on our recognition of agency error from the record do confer prevailing party status." *Id.* at 1364 (citing *Kelly*, 463 F.3d at 1354 n.3); *see Gurley v. Peake*, 528 F.3d 1322, 1327-28 (Fed. Cir. 2008) (quoting *Davis* and explaining that the Court must look to the "context of the remand," when assessing whether a remand order is predicated on agency error).

The Federal Circuit also rejected Mr. Davis's argument that the remand order had to have been premised on administrative error simply because the Court remanded, explaining that agency errors are not the only reason that the Court can issue remands. *Davis*, 475 F.3d at 1364. "Instead, the Veterans Court has authority to remand cases to the Board for further proceedings for further consideration of legal issues or for clarification of facts underlying a legal issue." *Id.* Ultimately, the Federal Circuit concluded that Mr. Davis was not a prevailing party because he failed to demonstrate that, and the record was unclear whether, the remand order was predicated on agency error. *Id.* at 1365.[2]

---

[2] There were other decisions on this topic as well. For example, remands for judicial economy were deemed procedural and not based on administrative error. *Gurley*, 528 F.3d at 1328. Also, a joint motion for remand granted by the Court based on the parties' understanding that it was for the Board to reevaluate a claim in light of new caselaw

5

The most recent Federal Circuit decision on point is *Dover v. McDonald*, 818 F.3d 1316 (Fed. Cir. 2016). The parties in *Dover* agreed that the remand there was necessitated by agency error (the Board failing to dismiss a non-specific motion for revision based on clear and unmistakable error, *id*. at 1317) and the dispute turned on what was required to be done on remand. *Id*. at 1319. Given that fact, it might appear that *Dover* is not particularly relevant here. However, it is highly significant because the Federal Circuit set out a three-part test for determining prevailing party status under the EAJA in the context of agency remands. We believe this test harmonizes the caselaw that had developed over a number of years in this area. An appellant who secures a remand to an administrative agency is a prevailing party under the EAJA if (1) the remand was necessitated by or predicated upon administrative error, (2) the remanding court did not retain jurisdiction, and (3) the language in the remand order clearly called for further agency proceedings, which leaves the possibility of attaining a favorable merits determination. *Id*.[3]

Here, there is no dispute about two of the three *Dover* elements. The Court did not retain jurisdiction in this matter and the remand order expressly called for further agency proceedings when it instructed the Board "to consider this evidence in the first instance and to direct VA to provide such additional assistance to the appellant it deems appropriate in light of this evidence." *Blue*, 2017 WL 1407530, at *3-4. Thus, the only question that must be resolved is whether the remand was necessitated by or predicated on agency error. We turn to that question next.

### B. Agency Error

As discussed above, the Federal Circuit has made clear that error can be either explicit or implicit and can be either found by the Court or conceded by the Secretary. *See Davis*, 475 F.3d at 1364. The Secretary does not concede error. *See* Secretary's Resp. at 3. The Court did not explicitly find error either. In fact, the opposite is true. The remand order reflects that the Court could "find no error" on the part of the Board or VA. *Blue*, 2017 WL 1407530, at *3. Thus, per *Davis*, the

---

was not based on any "actual or perceived administrative error." *Thompson v. Shinseki*, 682 F.3d 1377, 1382 (Fed. Cir. 2012).

[3] There had been claims that the Federal Circuit's caselaw about what was necessary to qualify as a prevailing party was inconsistent. *See Halpern*, 384 F.3d at 1306 ("The parties would have us choose between *Former Employees of Motorola* and *Vaughn* and decide which case lays down the proper rule. Implicit in that proposition is the notion that the rules . . . are somehow in conflict. We need not and do not address that notion [here].") To the extent that was the case, we believe *Dover* resolves the inconsistency. To be clear, we understand that the three-part test recited above is the definitive one to be used in determining prevailing party status under the EAJA in the context of remands to administrative agencies.

default rule is in effect here, which requires that the Court presume that there is no administrative error and for the appellant to prevail he must demonstrate that the remand order was, despite its language, actually predicated on such error. 475 F.3d at 1364.

We acknowledge that there is no case on all fours with this one, or at least not one the parties have cited or the Court could find. There are cases in which a merits decision says, essentially, "there is administrative error" and there are merits decisions that say nothing at all on that subject. But it is unique, or at least exceedingly rare, to have a merits decision award the relief a litigant seeks but expressly state that there was no agency error. As unusual as that may be, that is what we have. To rule on this matter, the Court must first determine how, under these unique circumstances, we, as an EAJA decision-maker, should interpret the merits decision. To begin, we examine what embodies implicit error in such a situation.

A merits determination and a decision concerning the award of fees under the EAJA are different matters. This reality can often be obscured by the fact that the decision-makers for the merits and for the EAJA are often the same. Here that is not the case, which may make the distinction more noticeable. Regardless, however, decisions on the merits and on an EAJA application are distinct from one another. A merits decision-maker does not decide if a litigant is a prevailing party under the EAJA. And an EAJA decision-maker cannot relitigate the merits determination. We have recognized this latter point before when we held that an EAJA decision-maker "need not, and in fact should not, investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error. Nor should the Court revisit at the EAJA stage the logic of the merits decision." *McCormick v. Principi*, 16 Vet.App. 407, 411 (2002). As the Supreme Court recognized, "'[a] request for attorney's fees should not result in a second major litigation.'" *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).[4]

The Federal Circuit's cases provide guidance about how to accommodate an EAJA decision-maker's distinct role in the process while guarding against inappropriate relitigation of the merits. An EAJA decision-maker takes what the merits decision-maker did–the relief–and compares that to whether that relief was necessitated by or predicated on error at the agency. In a similar way, in EAJA matters where the underlying merits decision is silent on the issue of agency

---

[4] The parties do not dispute this principle and the appellant made it clear that he is not attempting to relitigate the merits of the underlying decision. Oral Argument at 24:44-24:55.

error, the Federal Circuit has instructed EAJA decision-makers to review the context and nature surrounding the remand to determine whether there was administrative error. *See Thompson*, 682 F.3d at 1382; *Davis*, 475 F.3d at 1364; *Kelly*, 463 F.3d at 1349. The EAJA decision-maker is to assess the relief provided in the context of the merits decision's reasoning. *See Gurley*, 528 F.3d at 1327; *Davis*, 475 F.3d at 1365. We see no reason why that same analytical approach should be any different in this case.

How does one go about shouldering such a burden? As we have explained, there are no cases directly on point. Nevertheless, we can draw some general principles from cases in which the merits decision is silent on the question of agency error. First, it is clear that an EAJA decision-maker is required to examine the context of the remand order itself to determine whether the remand was implicitly predicated on agency error. *See Gurley*, 528 F.3d at 1327; *Davis*, 475 F.3d at 1365. When looking at such context, the Federal Circuit examines not only the critical language of the remand order but also the nature of the remand, the record, and the actions of both parties and the merits decision-maker.

In *Kelly*, for example, the Federal Circuit evaluated the Court's underlying remand order and emphasized the importance of looking at the context surrounding the remand, explaining that "[i]t would be incongruous to allow courts to make an end run around the purposes underlying EAJA by making such trivial distinctions and masking its actions in artfully worded orders." 463 F.3d at 1355. In that case, this Court had denied the request for EAJA fees and explained that the remand was not based on agency error because it imposed no requirement on the Board on remand unless the argument was raised by the appellant below. *Id.* at 1355. The Federal Circuit reversed that determination and explained that Mr. Kelly "prevailed in his civil action." *Id.* at 1354. Then, after a review of the record, the court determined that VA failed to consider all the evidence of record before making its determination, requiring remand. *Id.* at 1355. That was error regardless of how the merits decision-maker characterized it. In *Davis*, the Federal Circuit cited to *Kelly* and upheld the proposition that an EAJA decision-maker's determination of whether a remand was predicated on agency error is not limited to the four corners of the remand order and found that Mr. Davis "failed to prove that the remand was based on administrative agency error."[5] *Davis*, 475 F.3d at 1366.

---

[5] In 2010, the U.S. Court of Federal Claims in *Martinez v. United States* relied on *Davis*, explaining that it must look to the entirety of the record to determine whether the remand at issue was predicated on agency error. That

In *Thompson*, the Federal Circuit examined the parties' perceptions to determine if the remand order was predicated on agency error. In that case, because the parties believed that new caselaw had changed the legal landscape, it determined that the Court granted the joint motion for remand on that basis as well and, thus, the context of the remand did not support a finding that the remand was predicated on any "actual or perceived" agency error. 682 F.3d at 1382.

Moreover, the U.S. Court of Federal Claims' decision in *Hughett v. United States*, 110 Fed. Cl. 680 (Fed. Cl. 2013), is instructive. In *Hughett*, the Court of Federal Claims examined the language of the remand order at issue and explained that the court's purpose behind issuing the remand was to promote judicial economy, not to address administrative error. *Id*. at 687. Therefore, prevailing party status was not warranted because the remand was merely a "technical victory" that would allow the court to more efficiently rule on the matter. *Id.* at 687-88.[6]

Therefore, for EAJA purposes, the language of the remand order, as well as the circumstances surrounding the remand, are the fundamental basis for the determination of whether implicit agency error exists in a remand order. To evaluate the circumstances or context of the remand, the Court can review the parties' perceptions, address actions in favor of judicial policy, and even review the entirety of the record. *See Thompson*, 682 F.3d at 1382; *Gurley*, 528 F.3d at 1327; *Davis*, 475 F.3d at 1365; *Kelly*, 463 F.3d at 1355; *Hughett*, 110 Fed. Cl. at 684.

### C. Application: Mr. Blue is a Prevailing Party Under the EAJA

In his EAJA application, Mr. Blue asserted that he is a prevailing party because "the Court vacated the B[oard's] decision based on the failure to obtain relevant agency records and remanded the case for further adjudication in accordance with its decision." Application at 4. He further argued that the relief the Court ordered—a remand for further development and readjudication— "create[d] the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 604). In his reply to the Secretary's response, the appellant contended that "the proper test is whether the relief on the merits obtained in the form of a remand was necessitated by agency error," not "whether the Secretary conceded

---

court stated that, because the "record amply demonstrates" that the remand was ordered for failure to properly apply a regulation, the lack of an explicit finding of error did not alter the analysis for EAJA purposes. 94 Fed. Cl. 176, 182 (Fed. Cl. 2010) (citing *Davis*, 475 F.3d at 1365).

[6] The Court recognizes that the Court of Federal Claims retained jurisdiction in that case, unlike the matter at hand, but the application of the EAJA caselaw related to the nature of remands is still on point because the appellant there was required to show success on the merits within the parameters of *Motorola* and its progeny. *See Hughett*, 110 Fed. Cl. at 685-89.

error or this Court made a finding of error." Reply at 3. Specifically, Mr. Blue explained that "[i]t was . . . an error of the agency in failing to have fully developed [his] claim before deciding it on the merits which necessitated the remand made by this Court." *Id.* at 5. At oral argument, Mr. Blue asserted that, but for the existence of an administrative error, the Court could not have determined that vacatur and remand were necessary in this case. Oral Argument at 25:28-25:52.

Mr. Blue is a prevailing party for EAJA purposes based on a contextual assessment of the underlying merits decision. We reach this conclusion by considering the substantive discussion in the merits decision, the relief awarded, and whether the caselaw cited in the merits decision would allow such relief in the absence of agency error. To set the stage, the critical language of the Court's remand in this appeal is:

> Although the Court can find no error in the Board's failure to discover the exact dates of the appellant's treatment in California or in VA's failure to request records dated at least 2 years later than the appellant's testimony revealed, the appellant has now identified evidence in the record that meets his burden of providing VA with the information necessary to assist him in obtaining potentially relevant VA records. *See* 38 C.F.R. § 3.159(c)(1). Accordingly, the Court will remand the matter for the Board to consider this evidence in the first instance and to direct VA to provide such additional assistance to the appellant it deems appropriate in light of this evidence.

*Blue*, 2017 WL 1407530, at \*3. The underlying merits decision cited *Maggitt* and *Bozeman v. McDonald*, 814 F.3d 1354 (Fed. Cir. 2016), after the critical passage quoted above. *Blue*, 2017 WL 1407530, at \*3.[7]

The Federal Circuit in *Maggitt* held, in relevant part, that this Court had discretion to either address or remand to the Board to consider initially certain arguments raised for the first time on appeal. 202 F.3d at 1377 ("While the . . . Court may hear legal arguments raised for the first time with regard to a claim that is properly before the [C]ourt, it is not compelled to do so in every instance."). But *Maggitt* does not provide carte blanche to vacate a Board decision in the absence of agency error. In every situation we have found (as in *Maggitt* itself[8]), the matter remanded to

---

[7] The merits decision also cited *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000), and *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991). *Blue*, 2017 WL 1407530, at \*3. Both cases, however, concern express findings of agency error and were cited for the narrow proposition that this Court should not conduct fact finding in the first instance.

[8] In *Maggitt*, the appellant raised, in pertinent part, two issues on appeal that were not previously presented to the Board. The first was a constitutional argument concerning a violation of due process and the second concerned two administrative regulations that he asserted were invalidly repealed, violating the Administrative Procedure Act. 202 F.3d at 1373. Both were legal arguments.

the Board to consider in the first instance involved a *legal* question. *See, e.g., Sowers v. McDonald*, 27 Vet.App. 472 (2016) (remanded for the Board to make the appropriate factual findings to properly address the legal question under 38 C.F.R. 3.321); *Pacheco v. Gibson*, 27 Vet.App. 21 (2014) (per curiam) (remanded for the Board to address possible earlier effective date under 38 C.F.R. § 3.156(c)); *Kyhn v. Shinseki*, 26 Vet.App. 371 (2013) (per curiam) (remanded for the Board to determine whether VA's notification duties were satisfied under 38 U.S.C. § 5103A); *Gordon*, 17 Vet.App. at 224 (merits decision remanded to the Board because the application of the regulation at issue "appeared to have discretionary rather than mandatory application").[9] Under its current bounds, *Maggitt* provides that the Court may vacate a Board decision without error to allow the Board to consider a legal question as an initial matter. As such, *Maggitt* does not support the relief ordered in this case in the absence of agency error.[10] Moreover, the citation to *Bozeman* and the accompanying parenthetical suggest that the merits decision-maker was aware that an argument premised on evidence contained in the record would fall outside the parameters of a *Maggitt* remand. *See Bozeman*, 814 F.3d at 1358 ("[A]n argument that the Board failed to consider evidence contained in the record, which supports a veteran's established legal claim, should not be considered a new legal argument raised for the first time on appeal [for purposes of invoking issue exhaustion under *Maggitt*].").

In sum, although the merits decision-maker in part explicitly found no error in its remand order on the underlying merits decision, we conclude that, under the unique circumstances presented by this case, the appellant has met his burden of demonstrating that the remand in this matter must have been implicitly predicated on an "actual or perceived" agency error and the appellant has demonstrated that he is a prevailing party in this matter. *See Davis*, 475 F.3d at 1364;

---

[9] Contrary to the Secretary's argument, this EAJA matter is distinguishable from *Gordon* where the appellant raised a new argument related to the application of a regulation that was not previously made. By contrast, in the case at hand, the Court seemed to suggest that the appellant, while on appeal to the Court, met his burden of showing he may be entitled to further assistance under the duty to assist pursuant to § 3.159(c)(1), which is something VA is required to comply with. *See Kelly*, 463 F.3d at 1354-55 ("[W]here the VA has breached its duty to assist the veteran and . . . failed to consider all evidence supporting a claim, the Veterans Court will necessarily remand the case to the agency.").

[10] Even if one were to extend *Maggitt*, it still would not fit this situation. The only substantive argument the Court addressed in the underlying appeal pertained to VA's duty to assist under § 3.159(c)(1) and it acknowledged that the appellant had maintained that VA had not satisfied that duty throughout the course of his appeal. *Blue*, 2017 WL 1407530, at *3. A review of the record confirms the Court's statement. Given that recognition, *Maggitt* was inapposite because the appellant was continuing an ongoing argument—violation of VA's duty to assist—that had been raised below.

11

*see also Thompson*, 682 F.3d at 1382; *Kelly*, 463 F.3d at 1354-55 ("[W]here the VA has breached its duty to assist the veteran and . . . failed to consider all evidence supporting a claim, the Veterans Court will necessarily remand the case to the agency."). The Court stresses that this opinion is not intended to suggest that every remand could or should be found to entail implicit error; rather, we draw that conclusion here based on the extremely unusual circumstances of this case. Because the Secretary does not argue that his position was substantially justified and does not contest the reasonableness of the fees claimed (and the Court concludes based on an independent review that those fees are not unreasonable on their face), the Court will grant the appellant's EAJA application in full.

## III. CONCLUSION

After consideration of the record, relevant law, and the parties' briefs and oral argument, the appellant's EAJA application is GRANTED in full, in the amount of $9,314.17.