Citation Nr: 1829825 
Decision Date: 08/23/18 Archive Date: 09/05/18

DOCKET NO. 14-41 397A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina



THE ISSUES

1. Entitlement to an initial evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD) and major depressive disorder.

2. Entitlement to total disability evaluation based upon individual unemployability due to service-connected disabilities (TDIU).



REPRESENTATION

Appellant represented by: Nancy Lavranchuk, Agent



ATTORNEY FOR THE BOARD

K.M. Walker, Associate Counsel
INTRODUCTION

The Veteran served on active duty in the United States Army from November 1967 to June 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2013 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran was last afforded a VA examination in connection with his claim in February 2013. Although the duty to assist does not require that a claim be remanded solely because of the passage of time since an otherwise adequate VA examination was conducted, there is some evidence showing that the Veteran's PTSD and major depressive disorder may have worsened since that examination. For example, VA treatment records indicate that his medications have been adjusted. Therefore, the Board finds that an additional VA examination is needed to ascertain the current severity and manifestations of the Veteran's service-connected disability.

The Board also finds the issue of entitlement to TDIU is inextricably intertwined with the issue of entitlement to an increased evaluation for PTSD and major depressive disorder. See Gurley v. Peake, 528 F.3d 1322 (Fed. Cir. 2008) (remand of inextricably intertwined claims was warranted for reasons of judicial economy even in absence of administrative error); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two or more issues are inextricably intertwined if one claim could have significant impact on the other).

The Board further notes that relevant evidence has been added to the claims file that was not previously considered by the Agency of Original Jurisdiction (AOJ) in connection with the claim on appeal, including additional VA treatment records. There is an automatic waiver of initial AOJ review for any evidence submitted by the Veteran; however, it appears the additional evidence was obtained by the AOJ rather than the Veteran. Therefore, the automatic waiver provision does not apply. In addition, a supplemental statement of the case (SSOC) has not been issued, and the Veteran has not submitted a waiver of the AOJ's initial consideration of the non-automatic waiver evidence. As such, the case should be referred to the AOJ for review and preparation of an SSOC.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request the Veteran provide the names and addresses of any and all healthcare providers who have provided treatment for his service-connected PTSD and major depressive disorder. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate the records with the claims file.

The AOJ should also secure any outstanding VA medical records, to include any records dated since December 2016.

2. The AOJ should request that the Veteran provide an updated VA Form 21-8940. 

3. After completing the foregoing development, the Veteran should be afforded a VA examination to ascertain the current severity and manifestations of his service-connected PTSD and major depressive disorder. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file, including any treatment records and assertions.

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for rating the Veteran's disability under the General Rating Formula for Mental Disorders. The findings of the examiner should address the level of social and occupational impairment attributable to the Veteran's PTSD and major depressive disorder.

A clear rationale for all opinions would be helpful, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability is viewed in relation to its history," copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

4. After completing the above actions, the AOJ should conduct any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs. 

5. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence, to include all evidence received since the December 2014 statement of the case. 

If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).